UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE: DANIEL JOSEPH WIK,

Petitioner.

Case # 15-MC-6006-FPG

DECISION AND ORDER

Petitioner Daniel Joseph Wik ("Wik" or "Petitioner") has filed a Petition for a Writ of Prohibition and/or Mandamus (ECF No. 1) and a Motion for an Emergency Temporary Restraining Order (ECF No. 2). The applications are virtually identical, and both were filed with this Court today, September 22, 2015, at approximately 2:30 pm. The applications seek to enjoin enforcement of an order issued on September 16, 2015 by New York State Supreme Court Justice John J. Ark in the case *Estate of William Sharpsteen v. Cinole and Daniel J. Wik*, Index No. 2008-09027. A copy of Justice Ark's order is attached to Wik's submissions as Exhibit 1.

The *Rooker-Feldman* doctrine[1] prohibits federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Underlying this doctrine "is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the [United States] Supreme Court may review state-court decisions." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009); *see also Feldman*, 460 U.S. at 482 ("[R]eview of such judgments may be had *only* in [the Supreme Court].).

In order for the *Rooker-Feldman* doctrine to bar an action, the Second Circuit has explained that four requirements must be met. First, the federal-court petitioner must have lost

---

[1] Named after *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

in state court. Second, the petitioner must complain of injuries caused by a state court judgment. Third, the petitioner's application must invite district court review and rejection of that judgment. And fourth, the state court judgment must have been rendered before the district court proceedings commenced. *Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) quoting *Exxon Mobil Corp.*, 544 U.S. at 284 (alterations omitted).

Wik's Petition and Motion make clear that his applications center on his disagreement with Justice Ark's September 16, 2015 order, and as it relates to that order, it is also clear that he was the losing party. Wik is also seeking a ruling from this Court that would effectively overturn or nullify Justice Ark's order, and there is no doubt that the challenged state court order predates this action since the state court order was issued on September 16, 2015, and this action was commenced by Wik on September 22, 2015.

Since all four of the *Hoblock* factors are satisfied, Wik's applications to have this Court effectively review Justice Ark's order is plainly barred by the *Rooker-Feldman* doctrine, and this Court is therefore without jurisdiction to entertain the applications. The fact that Wik claims that Justice Ark's decision violates the Constitution does not alter this outcome, because it is settled that "a federal court would lack jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action is unconstitutional." *Hachamovitch v. DeBuono*, 159 F.3d 687, 694 (2d Cir. 1998), quoting *Feldman*, 460 U.S. at 486.

If Wik wishes to challenge Justice Ark's September 16, 2015 order, his course of action is to seek review through the state court system, and if the New York Court of Appeals ultimately denies him relief, he could then seek *certiorari* from the United States Supreme Court, because "only the Supreme Court has jurisdiction to hear an appeal from a state court action in

which an appellant claims a constitutional violation." *Diaz v. Goord*, No. 04-CV-6094, 2010 WL 38734626 at \*5 (W.D.N.Y. Sept. 29, 2010).

For all of these reasons, the Petition for a Writ of Prohibition and/or Mandamus (ECF No. 1) and Motion for an Emergency Temporary Restraining Order (ECF No. 2) are DENIED, as this Court is barred from entertaining the challenges under the *Rooker-Feldman* doctrine. The Clerk of the Court is directed to close this matter.

IT IS SO ORDERED.

DATED:     Rochester, New York
            September 22, 2015

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court